# Exhibit E-1

# ANNEX 4

Official Forms of Account recommended by Commission on Estates

## ACCOUNT OF EXECUTORS AND ADMINISTRATORS

SURROGATE'S COURT
COUNTY OF NEW YORK

ACCOUNTING OF

HENRY W. STEINGARTEN

as Administrator

File No. ......5679............ 1970..

ESTATE OF  JAMES MARSHALL HENDRIX,
a/k/a JIMI HENDRIX,  Deceased.

TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

The undersigned does hereby render the account of proceedings as follows:

Period of account from  September 25, 1970

to  February 11, 1971
This is    a final    account.

The instructions concerning the schedules need not be stated at the head of each schedule. It will be sufficient to set forth only the schedule letter and heading.

For convenience of reference, the schedule letter and page number of the schedule should be shown at the bottom of each sheet of the account.

### Schedule A
#### Statement of Principal Received

INSTRUCTIONS. This schedule must contain an itemized statement of all the moneys and other personal property constituting principal for which each accounting party is charged, together with the date of receipt or acquisition of such money or property. If real property has been sold by the fiduciary, this schedule must set forth the proceeds of sale of such property.

### Schedule A-1
#### Statement of Increases on Sales, Liquidation or Distribution

INSTRUCTIONS. This schedule must contain a full and complete statement of all realized increases derived from principal assets whether due to sale, liquidation, or distribution or any other reason. It should also show realized increases on new investments or exchanges. In each instance, the date of realization of the increase must be shown and the property from which said increase was derived must be identified.

### Schedule A-2
#### Statement of All Income Collected

INSTRUCTIONS This schedule must contain a full and complete statement of all interest, dividends, rents and other income received, and the date of each receipt. Each receipt must be separately accounted for and identified, except that where a security has been held for an entire year, the interest or ordinary dividends may be reported on a calendar year basis.

### Schedule B
#### Statement of Decreases Due to Sales, Liquidation, Collection, Distribution or Uncollectibility

INSTRUCTIONS. This schedule must contain a full and complete statement of all realized decreases on principal assets whether due to sale, liquidation, collection or distribution, or any other reason. It should also show decreases on new investments or exchanges and also sales, liquidations or distributions that result in neither gain nor loss. In each instance, the date of realization of the decrease must be shown and the property from which said decrease was incurred must be identified. It should also report any asset which the fiduciary intends to treat as worthless, together with a full statement of the reasons for abandoning it.

ontinued - SCHEDULE D

6. Other claims:

ICHAEL JEFFERY

By virtue of agreements dated October 11, 1966, as subsequently amended, Mr. Jeffery, as the decedent's manager, is entitled to receive specified percentages of the decedent's gross earnings (before taxes) as management commissions.

At the time of his death, the decedent had agreed that Jeffery would be entitled to a 20% management commission on all royalties earned by the decedent, except for musical publishing royalties, to which a 30% commission was applicable.

By virtue of this agreement, Mr. Jeffery is entitled to 20% or 30%, as the case may be, of the gross royalties earned by the decedent.

TCH MITCHELL and
EL REDDING

Messrs. Mitchell and Redding were joint venturers with the decedent in most of the decedent's musical enterprises and together constituted the group known as "The Jimi Hendrix Experience". Their joint venture agreement provided that of the royalties earned by the decedent (i.e., gross royalties, less Mr. Jeffery's management commission, before taxes), one-half would be payable to the decedent, and the remaining one-half jointly to Messrs. Mitchell and Redding. As a consequence, Messrs. Mitchell and Redding are each entitled to 25% of the royalties (after deduction of management commissions) earned by the decedent.

_____
Henry W. Steingarten, Administrator

### Schedule C
#### Statement of Funeral and Administration Expenses

INSTRUCTIONS. This schedule must contain an itemized statement of all moneys chargeable and paid for funeral, administration and other necessary expenses, together with the date and the reason for each expenditure.

Where the will directs that all inheritance and death taxes are to be paid out of the estate, credit for payment of same should be taken in this schedule.

### Schedule C-1
#### Statement of Unpaid Administration Expenses

INSTRUCTIONS This schedule must contain an itemized statement of all unpaid claims for administration and other necessary expenses, together with a statement of the basis for each such claim.

### Schedule D
#### Statement of All Creditors' Claims

INSTRUCTIONS. This schedule must contain an itemized statement of all creditors' claims sub-divided to show:

1. Claims presented, allowed, paid and credited and appearing in the Summary Statement, together with the date of payment.
2. Claims presented and allowed but not paid.
3. Claims presented but rejected, the date of and the reason for such rejection.
4. Contingent and possible claims.
5. Personal claims requiring approval by the court, pursuant to S C P A 1805.

In the event of insolvency, preference allowed various claims should be stated and the order of their priority.

### Schedule E
#### Statement of Distributions Made

INSTRUCTIONS. This schedule must contain an itemized statement of all moneys paid and all property delivered to the legatees, trustees, surviving spouse or distributees of the deceased, the date of payment or delivery thereof, and the name of the person to whom payment or delivery was actually made.

Where estate taxes are required to be apportioned and payments have been made on account of said taxes, the amounts apportioned in Schedule H against beneficiaries of the testamentary estate shall be charged in this schedule against the respective individual's share.

### Schedule F
#### Statement of All Personal Property Remaining on Hand

INSTRUCTIONS. This schedule must contain an itemized statement showing all personal property remaining on hand, including a statement of all uncollected receivables and property rights due to the estate. The schedule must further show the date and cost of all such property that was acquired by purchase, exchange or transfers made or received, together with the date of acquisition and the cost thereof.

### Schedule G
#### Statement of Interested Parties

INSTRUCTIONS. This schedule must contain the names of all persons entitled as legatee, devisee, trustee, surviving spouse, distributee or otherwise to a share of the estate or fund, with their post-office addresses and the degree of relationship, if any, of each to the deceased, a statement showing the nature of and the VALUE or approximate VALUE of the interest of each such person.

Also a statement that the records of this court have been searched for powers of attorney and assignments and encumbrances made and executed by any of the persons interested in or entitled to a share of the estate and a list detailing each power of attorney, assignment and encumbrance, disclosed by such search, with the date of its recording and the name and address of each attorney in fact and of each assignee and of each person beneficially interested under the encumbrance referred to in the respective instruments, and also whether the accounting party has any knowledge of the execution of any such power of attorney or assignment not so filed and recorded.

### Schedule H
#### Statement of Estate Taxes Paid and Allocation thereof

INSTRUCTIONS. This schedule must contain a statement showing all estate taxes assessed and paid in respect of any property required to be included in the gross estate of the decedent under the provisions of the Tax Law or under the laws of the United States. Final New York Estate Tax receipt or an order of exemption from tax must be presented with the decree settling the final account. This schedule must also contain a computation setting forth the proposed allocation of taxes paid and to be paid and the amounts due the estate from each person in whose behalf a tax payment has been made and also the proportionate amount of the tax paid by each of the named persons interested in this estate or charged against their respective interest, as provided in E P T L 2-1.8.

Where an allocation of taxes is required, the method of computing the allocation of said taxes must be shown in the schedule.

Schedule I

**Statement of Computation of Commissions**

INSTRUCTIONS. This schedule must contain a computation of the amount of commissions due upon this accounting.

Schedule J

**Statement of Other Pertinent Facts and of Cash Reconciliation**

INSTRUCTIONS. This schedule must contain a statement of all other pertinent facts affecting the administration of the estate and the rights of those interested therein. It must also contain a statement of any real property left by the decedent which it is not necessary to include as an estate asset to be accounted for, a brief description thereof, the gross value and the amount of mortgages or liens thereon at the date of death of the deceased. A cash reconciliation must also be set forth in this schedule so that verification with bank statements and cash on hand may be readily made.

THE FOLLOWING IS A SUMMARY STATEMENT OF THIS ACCOUNT:

CHARGES:

Amount shown by Schedule "A" .............................. $14,567.81
(Principal received)

Amount shown by Schedule "A-1" ............................ - 0 -
(Realized Increases on principal)

Amount shown by Schedule "A-2" ............................ 235,257.75
(Income Collected)

Total charges ............................................. $249,825.56

CREDITS:

Amount shown by Schedule "B" .............................. - 0 -
(Realized decreases on principal)

Amount shown by Schedule "C" .............................. 34,220.74
(Funeral and administration expenses)

Amount shown by Schedule "D" .............................. 190,695.00
(Creditors' claims actually paid)

Amount shown by Schedule "E" .............................. - 0 -
(Distributions to legatees, distributees, etc.)

Total credits ............................................ $224,915.74

Balance on hand shown by Schedule "F" .................... $24,909.82
24,909.82                                                  24,909.82

The foregoing balance of $.......... consists of $17,914 February
in cash and $.......... in other property on hand as of the .... day of ........
19...... It is subject to deduction of estimated principal commissions amounting to $.......... 7,995.13
shown in Schedule I and to the proper charge to principal of expenses of this accounting.

The attached schedules are part of this account.

..................................................
Executor Administrator



(Form rotated sideways:)

File No. .................. 19......

**Surrogate's Court
County of New York**

IN THE MATTER OF THE JUDICIAL SETTLEMENT
OF THE
ACCOUNT OF PROCEEDINGS
OF

.................................................
AS .................................................
.................................................
OF
.................................................
DECEASED

ACCOUNT OF EXECUTORS

Filed, .................................................

.................................................
Attorney for Petitioner
NEW YORK CITY

Gross Estate
or Fund $ ..................

---

## AFFIDAVIT OF ACCOUNTING PARTY

STATE OF NEW YORK } ss.:
COUNTY OF

Henry U. Steingarten,

being duly sworn, says: that the foregoing account contains according to the best of my/our knowledge and belief a true statement of all my/our receipts and disbursements on account of the estate and of all moneys or other property belonging to the estate which have come into my/our hands or been received by any other person by my/our order or authority for my/our use and that I/we do not know of any error or omission in the account to the prejudice of any creditor of, or person interested in, the estate.

Sworn to before me this 26th day of
February, 19 71

Henry U. Steingarten

## SCHEDULE A

*? why not in court out??*

| Date | Source | Amount |
|------|--------|--------|
| 9/29/70 | Steingarten, Wedeen & Weiss, Esqs., Account #2 - escrow account; Jimi Hendrix and Are You Experienced, Ltd. | $ 12,367.81 |
| 12/ 9/70 | Albert Abney, proceeds of sale of decedent's 1969 Corvette, #194379S701311 | 2,200.00 |
| | Total | $ 14,567.81 |

Henry W. Steingarten, Administrator

SCHEDULE A-1

N O N E

_____
Henry W. Steingarten, Administrator

SCHEDULE A-2

| Date | Source | Amount |
|---|---|---|
| 10/13/70 | Bella Godiva Music, Inc. - royalties | $ 40,000.00 |
| 11/13/70 | Are You Experienced, Ltd. - royalties | 30,000.00 |
| 11/13/70 | Emigrant Savings Bank - interest on security deposit | 2.75 |
| 1/ 4/71 | Social Security Administration - lump sum death benefit | 255.00 |
| 1/28/71 | Atlantic Recording Corp. Woodstock(?) - royalties | 100,000.00 |
| 2/10/71 | Are You Experienced, Ltd. - royalties | 35,000.00 |
| 2/10/71 | Bella Godiva Music, Inc. - royalties | 30,000.00 |
| | Total | $ 235,257.75 |

Henry W. Steingarten, Administrator

SCHEDULE B

NONE

_____
Henry W. Steingarten, Administrator