|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 07/19/22 |

EXPERIENCE HENDRIX, LLC,
AUTHENTIC HENDRIX, LLC, and SONY
MUSIC ENTERTAINMENT,

                Plaintiffs,

    v.

NOEL REDDING ESTATE LTD and
MITCH MITCHELL ESTATE LTD,

                Defendants.

No. 22-CV-0443 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    The parties' joint letter dated June 17, 2022 ("Joint Letter") reported that Defendants objected to certain RFPs concerning their procurement of insurance policies and/or funding agreements. The Court ordered that Plaintiffs explain how the RFPs were related to the jurisdictional inquiry, and the parties subsequently submitted letters on the relevance of the requested discovery.

    In a dispute over jurisdictional discovery, the "party seeking jurisdictional discovery. . . bears the burden of showing necessity." *Molchatsky v. United States*, 778 F.Supp.2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013). Having reviewed the parties' letters and the RFPs, the Court finds Plaintiffs have not demonstrated that discovery regarding Defendants' insurance policies and litigation funding is relevant to the jurisdictional question at hand. This is especially so given that Defendants have already "proposed to produce documents responsive to all of Plaintiffs' document requests addressed to Defendants' contacts with New York which are even arguably pertinent to the jurisdiction question." Joint Letter at 3.

Although Plaintiffs advance several arguments regarding alter ego liability, they have failed to demonstrate how the details of Defendants' litigation funding or insurance would bear on the question of whether Defendants are alter egos of the predecessor estates. Because Plaintiffs have failed to present a viable basis for requested discovery, their request is denied. *See Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018) ("Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts.").

By July 25, 2022, the parties shall file a joint letter updating the Court as to the status of discovery, and proposing deadlines for the close of jurisdictional discovery and any required supplemental briefing.

Finally, given that the outcome of jurisdictional discovery will bear on the pending motion to dismiss, Defendants' motion to dismiss is denied, without prejudice. At the close of discovery, Defendants may refile a revised version of their motion, reiterating any arguments previously made as well as incorporating new information from jurisdictional discovery. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 18.

SO ORDERED.

Dated:   July 19, 2022
         New York, New York

                                             Ronnie Abrams
                                             United States District Judge