UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPERIENCE HENDRIX, LLC,
AUTHENTIC HENDRIX, LLC, and
SONY MUSIC ENTERTAINMENT,

                          Plaintiffs,

                v.

NOEL REDDING ESTATE LTD., and
MITCH MITCHELL ESTATE LTD.,

                          Defendants.

No. 22-CV-443 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Pending before the Court is Plaintiffs' letter request for a conference to resolve a discovery

dispute between the parties, *see* Dkt. 43, which Defendants have opposed, *see* Dkt. 44.

A party may serve on any other party a request to produce documents which are in the

possession, custody, or control of the party upon whom the request is served.  *See* Fed. R. Civ. P.

34(a). Once a party states in good faith that the documents being sought are not in its possession,

custody, or control, however, the burden returns to the discovering party to demonstrate that the

requested party does have control over the material being sought. *See In re Nortel Networks Corp.*

*Sec. Ltig,*, No. 01-cv-1855 (RMB) (MHD), 2004 WL 2149111, at *2 (S.D.N.Y. Sept. 23, 2004).

Specifically, the discovering party must then "make an adequate showing to overcome" the

assertion by the responding party by citing to specific evidence that the responding party has

withheld discoverable material. *Arnold v. Indep. Health Ass'n*, No. 17-cv-1260 (FPG) (JJM), 2019

U.S. Dist. LEXIS 142816, at *5 (W.D.N.Y. Aug. 22, 2019).

"Evidence in a party's 'control' has been interpreted to mean evidence that the party has

the legal right, authority, or practical ability to obtain." *R.F.M.A.S., Inc. v. So.*, 271 F.R.D. 13, 23

(S.D.N.Y.), *adopted by* 271 F.R.D. 55 (S.D.N.Y. 2010); *see also Bank of N.Y. v. Meridien BIAO*

*Bank of Tanzania Ltd.*, 171 F.R.D. 135, 146–47 (S.D.N.Y. 1997).  Plaintiffs here argue that certain requested material, for example, foreign probate documents, are within the control of Defendants, because they have the practical ability to obtain them.  But, as the Second Circuit has observed, where a plaintiff has made discovery requests of a defendant, it is "fairly obvious that [the defendant] need not seek such documents from third parties if compulsory process against the third parties is available to the [plaintiff] seeking the documents." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).  Put differently, it is only where "a party has access and the practical ability to possess documents *not* available to the party seeking them, [that] production may be required." *Id*. (emphasis added) (citing *In Re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996)).

Accordingly, Plaintiff shall, no later than March 1, 2023, demonstrate how Defendants have the "practical ability to obtain" the additional material being sought, *R.F.M.A.S.*, 271 F.R.D. at 23, which is "not available" to Plaintiffs, *Shcherbakovskiy*, 490 F.3d at 138.

SO ORDERED.

Dated:     February 13, 2023
           New York, New York

_____
Hon. Ronnie Abrams
United States District Judge