UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EXPERIENCE HENDRIX, LLC, AUTHENTIC
HENDRIX, LLC, and SONY MUSIC
ENTERTAINMENT,

                  Plaintiffs,

        v.

NOEL REDDING ESTATE LTD, and MITCH
MITCHELL ESTATE LTD,

                  Defendants.

22-CV-443 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

      In December 2021, English solicitors representing Defendants here, Noel Redding Estate Ltd. and Mitch Mitchell Estate Ltd., sent a letter of claim to Sony Music Entertainment UK Limited ("Sony UK"), asserting, under English Law, certain ownership rights to a catalog of musical compositions and sound records created by Jimi Hendrix. *See* Adams Aff., Dkt. 20, Ex. A. More than a month later, on January 18, 2022, Sony Music Entertainment (an affiliate of Sony UK), along with Experience Hendrix LLC and Authentic Hendrix LLC, brought this action in this Court, seeking declaratory relief under the terms of general liability releases signed by Redding and Mitchell in the early 1970s, shortly after Hendrix's death. *See* Dkt. 1.

      Defendants then moved to dismiss the American action for lack of personal jurisdiction, and this Court granted Plaintiffs' alternative request for limited jurisdictional discovery. *See* Dkt. 38. A dispute regarding the scope of that limited jurisdictional discovery has since resulted in a flurry of letters from both parties explaining why Defendants do—or, as the case may be, do not— have "possession, custody, or control," Fed. R. Civ. P. 34(a), of several documents sought by Plaintiffs to establish this Court's jurisdiction over Defendants.

In their latest letters, Defendants have underscored that the related English action has been actively litigated in the High Court of Justice, Business and Property Courts of England and Wales, and that the lower court found jurisdiction over the claims in English courts. *See Noel Redding Estate Ltd., et al. v. Sony Music Ent. UK Ltd.*, Claim No. IL-2022-000012/CH-2022-000137. That judgment was in turn the subject of an appeal filed by Sony UK, and, on April 25, 2023, a London High Court appellate judge affirmed, finding that jurisdiction for Defendants' action was proper in England, and allowing the merits of their claims to move forward. *See Sony Music Ent. UK Ltd.. v. Noel Redding Estate Ltd., et al*, 2023-EWHC-941 (Ch)/CH-2022-000137; Def. Letter, Apr. 25, 2023, Dkt. 52 (attaching the appellate decision). Given "principles of comity," Defendants' have accordingly renewed their argument that this Court "dismiss this case without delay." Def. Letter, Mar. 13, 2023, Dkt. 51; *see also* Def. Letter, Apr. 25, 2023, Dkt. 52 at 1.

While the Court finds dismissal unwarranted at this time, for the reasons that follow, and given a line of authority weighing in favor of deferring to parallel foreign proceedings in circumstances such as these, this action is hereby stayed pending resolution of the ongoing litigation in England.

**DISCUSSION**

"A court has the inherent power to dismiss or stay an action based on the pendency of a related proceeding in a foreign jurisdiction," *Ole Media Mgmt., L.P. v. EMI April Music, Inc.*, 2013 WL 2531277, at *2 (S.D.N.Y. June 10, 2013), and "[t]he power to stay proceedings can be exercised *sua sponte*," *Off-White LLC v. AEUNZN*, 2023 WL 199483, at *1 (S.D.N.Y. Jan. 17, 2023). The so-called 'prior action pending' doctrine recognizes the "principles upon which international comity is based: the proper respect for litigation in and the courts of a sovereign nation, fairness to litigants, and judicial efficiency." *Royal & Sun Alliance Ins. Co. of Canada v.*

2

*Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006); *see also, e.g., Quanzhou Joerga Fashion Co. v. Brooks Fitch Apparel Grp., LLC*, 2012 WL 4767180, at *11 (S.D.N.Y. Sept. 28, 2012) (finding "[j]udicial efficiency [was] clearly promoted by deferring to" foreign courts given a related proceeding).

In *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428 (S.D.N.Y. 2013), for instance, the district court stayed an action brought against a vitamin supplement manufacturer in deference to an earlier-filed action in Canada.  In evaluating whether to stay the action based on the pendency of the Canadian proceeding, the court observed that "the first step is to establish whether the proceedings are 'parallel'—that is, proceedings in which 'substantially the same parties are litigating substantially the same issues' simultaneously in two fora." *Id*. at 433 (quoting *Royal and Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006)) (cleaned up).  While a "court may not defer based on 'the mere existence of parallel foreign proceedings,'" *id*. (quoting *Royal and Sun Alliance*, 466 F.3d at 92) (cleaned up), it "examine[s] 'the totality of the circumstances to determine whether the specific facts are sufficiently exceptional to justify abstention," *id*. (citing *Royal and Sun Alliance*, 466 F.3d at 94; *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999)) (cleaned up).  As the Second Circuit has instructed, such circumstances to consider in making this evaluation include:

> [1] the similarity of the parties, [2]  the similarity of the issues, [3] the order in which the actions were filed, [4] the adequacy of the alternate forum, [5] the potential prejudice to either party, [6] the convenience of the parties, [7] the connection between the litigation and the United States, and [8] the connection between the litigation and the foreign jurisdiction.

*Royal and Sun Alliance*, 466 F.3d at 94; *see also Quanzhou Joerga Fashion*, 2012 WL 4767180, at *11 (using the same factors in evaluating whether to stay the action); *Argus Media, Ltd. v.*

*Tradition Fin. Servs. Inc.*, 2009 WL 5125113, at *6 (S.D.N.Y. Dec. 29, 2009) (same). Evaluating each of these factors, the *Tarazi* court ultimately found that the issues involved in the two actions were substantially similar, and that the claims contained in the complaint were more closely related to Canada than they were to the United States. *Tarazi*, 958 F. Supp. 2d at 439.

Similarly, in *FRHUEB, Inc. v. Abdala*, a motion to stay an action until the conclusion of a substantially related proceeding in Dubai was granted where the outcome of the Dubai action would have "moot[ed] or significantly streamline[d] the issues" to be resolved in the U.S.-filed case. 2022 WL 7150242, at *3 (S.D.N.Y. Sept. 30, 2022). Like the court in *Tarazi*, the *Abdala* court observed that once "it is determined that the proceedings are indeed parallel," a court then considers whether conditions "exist that justify deference to the foreign jurisdiction based on the totality of the circumstances, in light of principles of international comity," then citing the same factors identified by the Second Circuit. *Id*. at *2 (citing *Royal and Sun Alliance*, 466 F.3d at 94). In staying the action, *Abdala* further observed that, "[u]nder the principles of international comity," it was appropriate to "defer to [the] foreign proceedings and allow them to have extraterritorial effect domestically." *Id*. (citing *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997)).

Here, the factors weigh in favor of staying this action pending resolution of the litigation currently before the English appellate court. As an initial matter, the proceedings are "parallel," in that they involve "substantially the same parties [who] are litigating substantially the same issues" simultaneously in the English action and in this one. *Royal and Sun Alliance*, 466 F.3d at 94. Whereas the Redding and Mitchell estates have sued Sony UK in the English litigation on the basis of purported ownership rights under English copyright law notwithstanding general releases signed in the 1970s, *see* Adams Aff., Dkt. 20 at ¶¶ 15–16, Sony Music Entertainment is here

4

claiming that the same general releases entitle it to a declaratory judgment in this action precluding the Redding and Mitchell claims in England, *see* Compl. ¶¶ 55–86.  And while it may be the case that distinct affiliate entitles of Sony are involved in the two actions, the parties need not be identical between the two actions; rather, "the relevant test is whether the parties are substantially similar."  *Ole Media Mgmt.*, 2013 WL 2531277, at *3; *see also Royal and Sun Alliance*, 466 F.3d at 94–95 ("For the two actions to be parallel, the parties in the actions need not be the same, but they must be substantially the same . . . ."); *Argus Media*, 2009 WL 5125113, at *6 (finding the parties were sufficiently similar to justify a stay where "both actions involve Defendants' (and/or their affiliates') right to copy and distribute plaintiff's copyrighted work"); *Credicom N.V. v. Colony Credicom L.P.*, 2000 WL 282968, at *2 (S.D.N.Y. Mar. 16, 2000) (difference "not material" where defendant in one of the parallel actions was a parent corporation to the party in the other action).

      Significantly, the parallel litigation in England effectively commenced more than a month prior to the filing of this action, when the Redding and Mitchell estates sent a letter of claim to Sony UK on December 8, 2021, marking the start of the dispute between the parties in both fora. *See* Compl., Ex. A; *Bank for Africa PLC v. Coker*, 2003 WL 22741575, at *3 (S.D.N.Y. Nov. 18, 2003) (in evaluating whether to stay an action pending the outcome of a related foreign proceeding, courts traditionally accord great weight to the earlier arising litigation); *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986) ("When as in this case the foreign action is pending rather than decided, comity counsels that priority generally goes to the suit first filed.").  Moreover, Defendants' latest letters reiterate—as their earlier arguments on *forum non conveniens* grounds made plain, *see* Def. Reply, Dkt. 25 at 9–10—that the litigation centers on estate matters in England, general release documents located in England, and copyright and intellectual property

rights under English law, *see* Def. Letter, March 13, 2023, Dkt. 51.  It can thus hardly be said that the courts of England are not an adequate forum in which the parallel proceeding may proceed. *See Pullux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003) (an alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute).  Indeed, the London High Court's lengthy decision finding jurisdiction over the English action underscores the appropriateness of that forum, and the merits of that action are now being actively litigated in English courts.  *See Sony Music Ent. UK Ltd.. v. Noel Redding Estate Ltd., et al*, 2023-EWHC-941 (Ch)/CH-2022-000137.

Finally, because the Court here merely stays, rather than dismisses, this action, Plaintiffs will not be prejudiced.  *See Ole Media Mgmt.*, 2013 WL 2531277, at *5 (similarly reasoning that there was no prejudice in granting a stay, as plaintiff "will be able to obtain relief . . . once the litigation [in the parallel proceeding] has been resolved").

Ultimately, a district court's decision whether to stay an action "based on the existence of parallel litigation 'does not rest on a mechanical checklist, but on a careful balancing of the important factors . . . as they apply in a given case,'" *Royal and Sun Alliance*, 466 F.3d at 94 (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).  Here, having evaluated the circumstances as a whole, the Court concludes that they weigh in favor of staying this action in deference to the pending litigation in the English appellate court.  *See, e.g., Royal and Sun Alliance*, 466 F.3d at 96 (finding that a stay pending the resolution of parallel foreign proceedings to be an appropriate intermediate measure "that normally should be considered before a comity-based dismissal is entertained").

## CONCLUSION

For the foregoing reasons, this action is hereby stayed pending the resolution of Defendants' action in England. *See Noel Redding Estate Ltd., et al. v. Sony Music Entertainment UK Limited*, Claim No. IL-2022-000012/CH-2022-000137. The parties shall submit a joint status update within thirty (30) days of the date on which a final judgment is issued on the merits of the claims in that action. *See Ole Media Mgmt.*, 2013 WL 2531277, at *6 (ordering same to ensure that the litigation "proceed[ed] efficiently"). The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 43.

SO ORDERED.

Dated:   May 16, 2023
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge