**HERBSMAN HAFER WEBER & FRISCH, LLP**
Attorneys At Law
494 Eighth Avenue, Sixth Floor
New York, New York 10001

Jonas E. Herbsman
J. Jeffrey Hafer
Dorothy M. Weber
Michael B. Frisch
―――――――
Rakhil Kalantarova
―――――――
James E. Doherty
Of Counsel

Telephone (212) 245-4580
Telecopier (212) 956-6471
―――――――

WRITER'S E-MAIL:
dorothy@musiclaw.com

December 30, 2025

**Via ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007

     Re:   *Experience Hendrix, L.L.C., et al vs. Noel Redding Estate Ltd., et al*,
            Case No. 22-cv-00443-RA

Dear Judge Abrams:

     Pursuant to the Court's Order dated April 14, 2025 (Dkt. 57), the parties in the above-captioned action respectfully submit this joint letter as a status report on the English action.

**Plaintiffs' Status Report**

     The trial in the High Court in England (Claim Number IL-2022-000013, the "English Claim") before Mr. Justice Edwin Johnson, commenced on December 5, 2025 and closing statements were made by both sides on December 18, 2025.

     The UK Claimants are litigation entities established or reconstituted for the purpose of bringing the English Claim.  The UK Claimants claim to hold two sets of rights: Noel Redding or Mitch Mitchell's share of the sound recording copyrights in the recordings (the "Copyrights") made by Messrs. Jeffery and Chandler and Noel Redding and Mitch Mitchell's performer's property rights in their performances.

The UK Claimants advanced two UK Claims at trial: a claim alleging infringement of sound recording copyright in the recordings arising from their exploitation in the UK (the "Copyright Claim") under the Copyright, Designs and Patents Act 1956; and a claim alleging infringement of Noel Redding and Mitch Mitchell's performers' rights in their performances under the Copyright and Related Rights Regulations 1996 and the Copyright and Related Rights Regulations 2003 (the "Performance Rights Claim").

Counsel for the parties and their expert witnesses provided testimony regarding claimants' copyright claims and the performers' rights claims as they apply to the Copyright, Designs and Patents Act. A draft judgment on the merits of the sustained claims is likely to be issued by the UK Trial Court by mid-February. Plaintiffs and Defendants herein, are different parties from the English Claim.

Plaintiffs herein maintain that ultimately this Court retains jurisdiction for the purpose of enforcing the underlying releases and covenants not to sue and any issues as they pertain to Authentic Hendrix, LLC and Experience Hendrix, L.L.C., who are not parties to the English Claim.

Plaintiffs request that the Stay remain in place until a judgment is reached in the UK, at which point the Plaintiffs herein wish to proceed on a declaration of their rights since only Sony Music Entertainment UK Limited was the only defendant in the UK and the Plaintiffs herein were not named in the English Claim and did not appear in the proceedings in the UK.

**Defendants' Status Report**

Defendants generally agree with Plaintiffs' status report. By way of clarification, the UK Claimants hold Noel Redding's and Mitch Mitchell's share of the sound recording copyrights in certain sound recordings (the "Copyrights"). The Plaintiffs herein are different parties than the parties in the English proceeding although the Defendants in this action are the same parties as in the English proceeding

The UK Claimants advanced two UK claims during the trial of the English Claim: *first*, a claim under the Copyright Act 1956 alleging infringement of their sound recording copyrights arising from the UK Defendants' exploitation of the sound recordings *in the UK*; and *second*, a claim under the Copyright and Related Rights Regulations 1996 and under the Copyright and Related Rights Regulations 2003 alleging infringement of Mr. Redding's and Mr. Mitchell's performers' rights in their performances.

Defendants understand that a judgment on those two claims is likely to be issued by the UK Court by mid-February 2026.

<u>Defendants agree</u> that the Stay should remain in place until a judgment is reached in the UK action, at which time the parties can advise the Court how the verdict will impact these proceedings.

Both Counsel are available at Your Honor's convenience to answer any questions the Court may have.

Respectfully submitted,

Herbsman Hafer Weber & Frisch, LLP

By:  /s/*Dorothy M. Weber*
    Dorothy M. Weber, Esq.

Wolf Haldenstein Adler Freeman & Herz LLP

By:  /s/*Mark C. Rifkin*
    Mark C. Rifkin, Esq.