## HERBSMAN HAFER WEBER & FRISCH, LLP
### Attorneys At Law
### 494 Eighth Avenue, Sixth Floor
### New York, New York 10001

Jonas E. Herbsman
J. Jeffrey Hafer
Dorothy M. Weber
Michael B. Frisch
⸺⸺⸺
Rakhil Kalantarova
Jeremy B. Herbsman\*+
⸺⸺⸺
James E. Doherty
Of Counsel

Telephone (212) 245-4580
Telecopier (212) 956-6471
⸺⸺⸺
\*Also Member California bar
+Pending admission in New York
⸺⸺⸺
WRITER'S E-MAIL:
dorothy@musiclaw.com

July 2, 2026

<u>**Via ECF**</u>:
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007

Re:    <u>*Experience Hendrix, L.L.C., et al vs. Noel Redding Estate Ltd., et al,*</u>
<u>Case No. 22-cv-00443-RA</u>

Dear Judge Abrams:

In Furtherance of our Joint Status Report dated April 30, 2026 (Dkt. 60) (the "Status Report"), and in accordance with the Court's Order dated May 1, 2026 (Dkt. 61), the parties in the above-captioned action respectfully submit this letter as a supplement to the Status Report on the English Claim.

### Plaintiffs' Position

In the judgment dated April 28, 2026 issued by Mr. Justice Edwin Johnson in the High Court in England (submitted to the Court on April 30, 2026), the Judge expressly acknowledged that Experience Hendrix, L.L.C. was not joined as a party to that case. Neither Authentic Hendrix, LLC nor Sony Music Entertainment were so joined in the English Claim either. Plaintiffs' U.K. counsel has advised that Defendants' U.K. counsel has indicated that there will be no appeal on the issues before this Court regarding copyright ownership (the "Third Southern District of New York Claim") or the validity of the general releases (the "First and Second Southern District of New York Claim") at least in respect of copyright. The Defendants' U.K. counsel has referred only to an intention to seek permission to appeal the judgment so far as the claim in respect of performers' property rights is concerned. Since the interpretation of the U.K. performers' property rights is

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Ronnie Abrams
July 2, 2026
P a g e  | **2**

strictly a U.K. matter and not before the Court in this Action, to the extent there is any ambiguity in the Complaint, Plaintiffs will consent to that stipulation.

We are advised that due to the U.K. Court's schedule, the next hearing is scheduled for July 28, 2026, at which the Defendants will be able to ask the Judge for permission to appeal. If that is refused, the Defendants can seek permission to appeal from the Court of Appeal. If either the Judge or the Court of Appeal grant permission to appeal, the appeal is likely to be heard in around twelve (12) to twenty (20) months from now. We ask that Plaintiffs be permitted to lift the stay so that the Plaintiffs in this action can move for Summary Judgment.

## Defendants' Position

Defendants respectfully submit that the stay should not be lifted in full at this time.

The English judgment is not yet final for all purposes. Defendants intend to seek permission to appeal in England the dismissal of their claim concerning performers' property rights ("PPR"). The next hearing in England is scheduled for July 28, 2026, at which permission to appeal may be sought from the trial judge. If permission is refused, Defendants may then seek permission from the Court of Appeal. The status should become materially clearer within a relatively short period.

Although the contemplated English appeal is confined to PPR, the overlap with this action is real.  Plaintiffs' Complaint in this case is framed broadly. It alleges ownership not only of the Recordings and copyrights, but also of "all copyrights and attendant intellectual property rights therein."  It seeks declaratory relief as to "copyright and other intellectual property rights, including performers' rights," and asks for relief extending to rights under "the laws of the United Kingdom, or similar rights anywhere in the world."  The pleadings in this action are not confined to U.S. copyright ownership issues alone.

Moreover, in dismissing the PPR claim, the English Court relied not only on the 1966 recording agreement, but also on the Releases and the Discontinuances as bars to that claim. Accordingly, the English appellate process may still address the scope and effect of those same instruments, albeit in the specific context of PPR rather than copyright ownership. That creates at least a limited but real overlap with issues framed in the Complaint.

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Ronnie Abrams
July 2, 2026
P a g e | **3**

        In these circumstances, Defendants respectfully submit that the most efficient course is to maintain the stay for a short further period pending the imminent determination of permission to appeal in England. If permission to appeal is refused, then the basis for maintaining the stay may fall away entirely and the stay may then be lifted in full. If permission is granted, this Court will be in a better position to determine whether any continued stay is warranted, whether in full or only as to the overlapping issues concerning performers' rights and the scope and effect of the Releases and Discontinuances.

        Defendants do not presently contend that the contemplated English appeal extends to copyright ownership issues. Rather, Defendants' position is that a short continuation of the stay is warranted to avoid potentially inconsistent treatment of overlapping issues while the English appellate position is clarified.

Respectfully submitted,

Herbsman Hafer Weber & Frisch, LLP          Wolf Haldenstein Adler Freeman &
                                            Herz LLP


By:    */s/ Dorothy M. Weber*              By:    /s/*Mark C. Rifkin*
        Dorothy M. Weber, Esq.                     Mark C. Rifkin, Esq.



DMW/ab