# HERBSMAN HAFER WEBER & FRISCH, LLP
### ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH
————

RAKHIL KALANTAROVA
JEREMY B. HERBSMAN*+
————

JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
————
*ALSO MEMBER CALIFORNIA BAR
+PENDING ADMISSION IN NEW YORK
————
WRITER'S E-MAIL:
dorothy@musiclaw.com

August 7, 2026

**Via ECF**:
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007

> Re:   *Experience Hendrix, L.L.C., et al vs. Noel Redding Estate Ltd., et al,*
> Case No. 22-cv-00443-RA

Dear Judge Abrams:

In furtherance of our Joint Letter dated July 2, 2026 (Dkt. 62) (the "Joint Letter"), and in accordance with the Court ordered conference on July 17, 2026 (Dkt. 63), the parties in the above-captioned action respectfully submit this letter as a supplement to the Joint Letter on the English Claim.

## Plaintiffs' Position

The UK Court held that the Releases and Discontinuances[1] precluded both: (a) the Defendants' claim that sought to establish their alleged part-ownership of copyright in the relevant Jimi Hendrix Experience sound recordings and, on the basis of that alleged part-ownership, that their copyright had been infringed ("**the Copyright Claim**"); and (2) the Defendants' claim that the performers' property rights that had devolved to them from the respective estates of Mr. Redding and Mr. Mitchell had been infringed ("**the PPR Claim**").[2]

The Defendants have been granted permission to appeal in the UK on certain grounds <u>solely</u> in connection with the PPR Claim. No permission has been granted to appeal (and the Defendants have not indicated any intention to seek to appeal) any respect of the Copyright Claim.

---

[1] The Releases (Dkt. 1-7) and Discontinuances (Dkt. 23-3).

[2] The English Court also held that the Copyright Claim and the PPR Claim failed on the basis of rights and consents granted by Mr. Redding and Mr. Mitchell under the 1966 Recording Agreement.

HERBSMAN HAFER WEBER & FRISCH, LLP

Hon. Ronnie Abrams
August 7, 2026
P a g e  | **2**

Assuming that the Defendants file their appeal in the UK, it will therefore relate solely to the PPR Claim. The PPR Claim relies on performers' property rights under provisions of the Copyright Designs and Patents Act 1988 ("**CDPA**") that were enacted after the Releases and Discontinuances were executed by way of amendments to the CDPA under: (a) the Copyright and Related Rights Regulations 1996; and (b) the Copyright and Related Rights Regulations 2003.

We are advised by UK Counsel that in relation to the specific grounds of appeal:

1.      Ground 1 relates to the standard of consent that is required for Mr. Redding and Mr. Mitchell to have given sufficient consent for the exploitation of their performers' property rights and whether that specific standard was met under the Releases (or the 1966 Recording Agreement, which is an English law document). This is therefore a question of the standard of consent required under English law for the exploitation of English performers' property rights. While the Releases will be considered to determine whether they express a sufficient consent on behalf of Mr. Redding or Mr. Mitchell, this is only for the purposes of performers' property rights.

2.      Ground 2 follows on from Ground 1 in that it relates to whether the Discontinuances can be said to preclude the PPR Claim if it is found that the Releases do not preclude the PPR Claim (i.e. if Ground 1 succeeds in establishing: (a) that there is a specific standard of consent required under English Law; and (b) that the Releases do not express a sufficient consent on behalf of Mr. Redding or Mr. Mitchell to meet that standard). Accordingly, while this does relate to the effect of the New York Discontinuances, it is again predicated on the alleged standard of consent required under English law for the exploitation of English performers' property rights.

3.      Ground 3 relates to whether the Court was correct to hold that the Discontinuances precluded the PPR Claim as a result of the transactional approach applied in determining the *res judicata* effect of the Discontinuances under New York law; on the basis that English Courts are said not to apply that same approach. This is effectively a conflict of laws point as to which principles of *res judicata* the English Court should have applied.

We provided a Proposed Amended Complaint to Mr. Rifkin on July 27, 2026. We made certain additional changes based on comments made by Mr. Rifkin and provided that re-draft on August 4, 2026. We have also advised Mr. Rifkin that we will continue to work with him to ensure that it is clear and unambiguous that this Action will in no manner implicate or seek a determination of the PPR Claim.

HERBSMAN HAFER WEBER & FRISCH, LLP

Hon. Ronnie Abrams
August 7, 2026
P a g e | **3**

As an alternative, we have also offered to work with Mr. Rifkin to avoid unnecessary motion practice by entering into a So-Ordered Judgment pertaining to the now resolved claims.

Plaintiffs renew their request to set a briefing schedule for summary judgment and Plaintiffs' counsel is available to attend a conference at Your Honor's convenience to answer any questions the Court may have.

## **Defendant's Position**

Although Plaintiffs' counsel has proposed amending the complaint and has made good-faith attempts to do so, the proposed amendments do yet remove all overlap with the UK proceedings. Given the nature of the cases in this Court and in the UK Court, we are not confident that any proposed amendment can avoid any unnecessary overlap.

Moreover, there is no need for any of the issues raised in the proposed amended complaint to be resolved now. The Plaintiffs are not being prevented from continuing to exploit the underlying intellectual property rights and do not appear to be suffering any practical prejudice from the continuation of the stay. We understand the Court's concern for maintaining an indefinite stay of proceedings, but given the posture of the UK litigation, which will be moving forward on appeal, we believe the continued stay is warranted.

We also appreciate the offer from Plaintiffs' counsel try to reach an agreement to resolve the any claims that are being pursued in this case, and I agreed to try to reach a consensual resolution. To date, we have received no substantive proposal from Plaintiffs' counsel, but we will cooperate with Plaintiffs' counsel promptly if a proposal is forthcoming.

Respectfully submitted,

Herbsman Hafer Weber & Frisch, LLP                Wolf Haldenstein Adler Freeman &
                                                  Herz LLP

*/s/Dorothy M. Weber*                             */s/Mark C. Rifkin*
Dorothy M. Weber, Esq.                            Mark C. Rifkin, Esq.